UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBIN DOLGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV01793 ERW |
| ) | |
| MONSANTO COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Robin Dolgin's ("Plaintiff") Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice [ECF No. 22].

**I.    PROCEDURAL BACKGROUND**

On October 3, 2012, Plaintiff filed her Complaint against Defendant Monsanto Company ("Monsanto"), seeking to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Missouri wage and hour statutes, and to recover damages under Missouri common law [ECF No. 1].  Plaintiff asserted the following four claims: 1) Violation of the FLSA of 1938; 2) Violation of Missouri's Wage and Hour Laws; 3) Quantum Meruit; and 4) Unjust Enrichment.  She brings Count I, Violation of the FLSA, as an "opt-in" collective action under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23, on behalf of all those who file a consent to join forum with the Court.  Plaintiffs brings the Missouri state claims as an "opt-out" class action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. 290.500 et seq., Missouri common law, and Rule 23, on behalf of herself and all other similarly situated workers.

In her Complaint, Plaintiff alleges she worked for Monsanto as a Customer Operations Specialist ("COS") for approximately eleven years, and that, during her employment, she and similarly situated Monsanto COS employees consistently worked more than forty (40) hours per week [ECF No. 1 at 2].  Plaintiff further alleges Monsanto deemed the COS employees exempt and notified them they were not entitled to overtime compensation, when, in fact, COS employees are non-exempt, and are entitled to compensation for the overtime they worked.  Plaintiff contends Monsanto's deliberate failure to pay the COS employees their earned wages and overtime compensation violates the FLSA and Missouri law.  On January 4, 2013, the Court granted a Joint Motion to Dismiss Counts III and IV of Plaintiff's Complaint, claims which sought relief under theories of quantum meruit and unjust enrichment [ECF Nos. 16, 17].

Plaintiff filed her "Combined Motion to Conditionally Certify Class, Order Disclosures of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice" on April 26, 2013 [ECF Nos. 22, 23].  Thereafter, Monsanto filed its Memorandum in Opposition, to which Plaintiff filed her Reply [ECF Nos. 29, 31].  On July 30, 2013, this Court referred the case to Alternative Dispute Resolution for Mediation, and the parties' designated neutral was appointed on August 27, 2013 [ECF Nos. 33-35].

## II.   LEGAL STANDARD

The FLSA authorizes similarly situated employees to bring collective actions against their employer if they can satisfy certain criteria.  29 U.S.C. § 216(b).  "An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  *Id.*  (held unconstitutional, and preempted on other grounds by *Alden v. Maine*, 119 S.Ct. 2240 (1999) ((Congress could not subject state to

2

suit in state court without its consent); 2013 CONG US HR 2342, 113th Congress, 1st Session, (June 12, 2013) Introduced in House, proposed action: amended ). A collective action under the FLSA differs from a class action brought pursuant to Federal Rule of Civil Procedure 23, because an FLSA collective action is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29 U.S.C. § 216(b); *Lindsay v. Wells Fargo Advisors, LLC*, 2013 WL 943736 at *1 (E.D. Mo. March 11, 2013).

Courts within this district conduct a two-step analysis when considering whether employees are "similarly situated." *Lindsay*, 2013 WL 943736 at *1. First, usually at an early stage of the litigation, the plaintiff moves for class certification for notice purposes. *Id.* This early filing requires a lenient evaluation standard, and typically results in conditional certification of a representative class. *Id.* To meet their burden at this first stage, plaintiffs need only make a modest factual showing sufficient to demonstrate that they and other potential plaintiffs were victims of a common policy or plan that violated the law. *Id.* at *2. The showing can be made by means of detailed allegations supported by affidavits. *Id.* The potential class members then are given notice of the action and the opportunity to opt-in. *Id.* at *1.

The second step of the certification process occurs when the defendant moves to decertify the class. *Id.* at 2. Courts typically conduct the second step of their analysis after discovery is completed, because the greater information available then enables them to make a more informed decision. *Id.* At this second stage, a court considers three factors: 1) the employment and factual settings of the plaintiffs; 2) the various defenses available to the defendants; and 3) fairness, procedure, and manageability. If the plaintiffs' claims are not similarly situated, "the Court decertifies that class and the opt-in plaintiffs are dismissed without prejudice." *Id.*

**III.   DISCUSSION**

In her Motion, Plaintiff claims she has met the lenient standard for showing conditional certification is proper, and, in support of her claim, Plaintiff submitted her affidavit and a copy of Monsanto's COS job description [ECF Nos. 23-1, 23-2].  Plaintiff specifically alleges Monsanto's purported policy misclassifies employees, consistently requires non-exempt employees to work in excess of forty (40) hours per week, fails to keep proper timekeeping for these employees, and fails to pay them pay for overtime.  Plaintiff alleges that she observed other COS employees perform their work consistent with this aspect of the submitted job description, that she heard a COS manager tell her and other COS employees they needed to take laptops home every night, and she and other COS employees were required to work certain Saturdays and were asked to volunteer to work holidays.  Plaintiff further alleges she, and other similarly situated employees, would remain at work after hours to complete various projects, were paid a salary instead of an hourly wage, were not asked to track their time prior to August 2012, and were denied compensation as a result of Monsanto's illegal policy.  Plaintiff moves the Court for an Order conditionally certifying this case as a collective action and providing authorization for her to send notice under § 16(b) of the FLSA to all current and former Monsanto employees who have been employed as either COS's or Customer Service Representatives ("CSR"), at any time from October 3, 2009, to the present.

In its Memorandum in Opposition to Plaintiff's Motion to Conditionally Certify Class, Monsanto argues that Plaintiff is asking the Court conditionally to certify a collective action under the FLSA involving three job titles, two of which she never held [ECF No. 29].  Monsanto claims Dolgin makes this request solely on her own declaration, and asserts that her "declaration does not even allege that Dolgin was treated unlawfully," and that her pleading "fails to contain

the required evidence that the persons she seeks to represent were 'together the victims of a single decision, policy or plan'" [ECF No. 29 at 1].  Monsanto asserts that many of the persons Plaintiff seeks to represent were classified as exempt and were eligible for overtime pay. Monsanto further contends there was no single decision, policy or plan in its classification of COS employees as exempt or non-exempt; rather, Monsanto asserts that the designations were based on multiple, individual supervisor assessments.  Monsanto says that, as of September 4, 2012, new hires are assigned COS or COS II designations based on individual assessments of their expected job duties, and it states that COS II's are considered exempt administrative workers because they perform a variety of job functions requiring the consistent exercise of discretion and independent judgment.  Monsanto contends conditional certification is impossible because Plaintiff's declaration does not allege any facts showing she was misclassified. Monsanto claims Plaintiff's affidavit fails to assert facts necessary for conditional certification, stating, "Most importantly, her declaration does not allege that: (a) anyone else is interested in participating in this lawsuit; (b) she or any other COS, COS II , or CSR performed primarily non-exempt work; or (c) the COS's COS II's and/or CSR's were the victims of a single plan, policy, or decision that violated the FLSA" [ECF No. 29 at 10-11].  It also objects to Plaintiff's proposed Notice, claiming the Notice is inappropriate, and cites as examples of its concern:  a failure to advise potential plaintiffs that they may be responsible for Monsanto's costs; and the inclusion of anti-retaliation language.[1]  Monsanto also objects to Plaintiff's proposed 60-day opt-in period, and her proposal that notice be given in a variety of ways, including first class mail, e-mail, postings at Monsanto locations, and inclusion in pay check envelopes.

---

[1] Monsanto also indicated a reference, on the first page of Plaintiff's original notice, to "Boulevard Bank" to be a concern, but Plaintiff corrected this typographical error on its amended proposed notice.

In her Reply, Plaintiff states that Monsanto's arguments are aimed at limiting the class scope to COS employees.  Plaintiff asserts that this is a misclassification case, and argues that Monsanto does not address the real issues or the appropriate conditional certification standard [ECF No. 31].

In cases involving allegations of misclassification, the plaintiff typically must demonstrate that the employees performed similar duties, were classified as exempt, worked in excess of forty (40) hours, and were not paid overtime wages.  *Halsey v. Casino One Corp.*, 2012 WL 6200531 at *3 (E.D. Mo. Dec. 12, 2012).  Plaintiff claims her affidavit shows the requisite elements, and that Monsanto's response admits some of them.  In her Declaration, Plaintiff states she worked in Monsanto's customer service department as a COS between July 2001 and October 2012 [ECF No. 23-1 at 1].  She asserts, prior to August of 2012, Monsanto had one position called a COS, but thereafter split the position into two work groups, COS I and COS II employees [ECF No. 23-1].  Plaintiff further states the job duties of these two positions after the division remained substantially the same as when they were one position; however, the COS I position became a non-exempt position and the COS II position remained exempt [ECF Nos. 23-1 at 2; 31-4].  Plaintiff says she and other COS employees would remain at work after hours to complete various projects, she worked an average of fifteen (15) hours of overtime each week, she and other employees were given "comp time" instead of monetary compensation if the worked holidays, and she and other COS employees were not told they were entitled to overtime pay until August of 2012 [ECF No. 23-1 at 3].  Plaintiff submitted a copy of Monsanto's COS II job description with her Reply, which lists the position's key responsibilities, and reveals them to be identical to those listed in the prior COS job description [ECF No. 31-1].  Plaintiff submitted a transcript of her May 30, 2013 deposition with her Reply, in which she states the COS position

6

was called a Customer Service Representative ("CSR") position in the past, and she learned, during interactions with CSR's during company meetings or conferences, that they were performing the same role as she was performing [ECF No. 31-2 at 14].

As to Monsanto's argument that her failure to show any other interest in the case is "fatal," Plaintiff argues that she is not required to show others are interested in joining the FLSA claim.  This Court agrees.  *See Ondes v. Monsanto*, 2011 WL 6152858 (E.D. Mo. Dec. 12, 2012). Notwithstanding this argument, Plaintiff submits the Declaration of Geneser Jeter ("Jeter"), and Jeter's Consent to Become a Party Plaintiff [ECF Nos. 31-3, 31-6].  In this affidavit, Jeter attests she worked as a COS or similar job title between April 2000 and September 2012, she agrees with the allegations of Plaintiff's Complaint, and she consents to be a party plaintiff against Monsanto for her overtime claims pursuant to the FLSA.  Jeter further states, based on discussions she had with Plaintiff and other Monsanto customer service department employees, she and other customer service shared similar job duties, were paid a salary instead of an hourly wage, and received no overtime compensation for hours worked in excess of forty (40) hours per week.

Based upon Plaintiff's affidavits and Monsanto's COS job descriptions, and cognizant of the lenient evaluation standard, the Court finds that Plaintiff has provided substantial allegations as to the misclassification factors, and has met her burden of establishing that conditional class certification is appropriate [ECF Nos. 23-1, 23-2, 31-1, 31-3].  Upon consideration, the Court rejects Monsanto's arguments against conditional class certification, as they primarily relate to the merits and should not be resolved at this initial stage.

Concerning Monsanto's form and content objections to Plaintiff's proposed amended notice [ECF No. 31-5], the Court finds that Plaintiff's proposed notice is very closely modeled to

the Notice Form Judge Hamilton ordered the parties to utilize in *Kennedy v. Boulevard Bank*, 2012 WL 3637766 (E.D. Mo. Aug. 22, 2012). With one exception, discussed below, Monsanto's objections to the form and language of the notice will be denied. The Court additionally finds that Plaintiff's proposed 60-day opt-in period is within the appropriate length range for the period, and Plaintiff's request that notice be sent by first class and electronic mail, and by posting in the workplace readily serves justice, and the value of the posted notice outweighs the burden to Monsanto and the potential to create confusion among other employees. *See Simmons v. Enterprise Holdings, Inc.*, 2011 WL 1304732 (E.D. Mo. April 6, 2011). These methods constitute fair and proper notice. Given the sufficiency of these methods of notice, the Court finds Plaintiff's request to provide notice also by inclusion in pay check envelopes to be unduly burdensome, and an unnecessary use of resources. The request to include notice in pay check envelopes shall be denied.

      The Court will grant, in part, Plaintiff's Combined Motion to Conditionally Certify Class, Order Disclosures of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice.

**IV. CONCLUSION**

      Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact information, and to Facilitate Class Notice [ECF No. 22] is **GRANTED in part, and DENIED in part**. Specifically, the Court certifies a class consisting of all similarly situated COS, COS II and CSR workers employed by Monsanto at any time in the three (3) years preceding the date of this Order. Plaintiff's request to include notice of suit in pay check envelopes is **DENIED**.

**IT IS FURTHER ORDERED** that Monsanto's objections to the proposed form of notice, as stated in its Memorandum in Opposition to Plaintiff's Motion to Conditionally Certify Class [ECF No. 29] are **DENIED,** with the exception that its objection to Plaintiff's request to include notice of suit in pay check envelopes is **GRANTED**.

**IT IS FURTHER ORDERED** that Monsanto shall provide Plaintiff's attorney with a computer-readable data file containing the names, addresses, and telephone numbers (if known) of potential opt-in plaintiffs within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff may send her notice of suit and consent forms to potential opt-in plaintiffs at their last-known mailing address, or by e-mail, and Monsanto shall conspicuously post the notice in any and all break rooms utilized by similarly situated COS, COS II and CSR workers during the opt-in period.

**IT IS FURTHER ORDERED** that the Court approves an opt-in period of sixty (60) days.

Dated this   10th   day of September, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE